UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BOBBY JOE CRAIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-0172 |
| | § | |
| CHARLES WAGNER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bobby Joe Crain, a/k/a Bobby J. Crain, a pretrial detainee at the Brazoria County Detention Center (the "Detention Center") at the time of filing, filed this *pro se* complaint under 42 U.S.C. § 1983 for the alleged violations of his constitutional rights. He named as defendants Brazoria County Sheriff Charles Wagner, Detention Center physician Hung Nguyen, and Detention Center licensed vocational nurse Stephanie Taylor. Defendant Wagner was served and filed an answer. However, defendants Nguyen and Taylor no longer work at the Detention Center and jail officials have no forwarding addresses for them (Dkt. 16, 17). Consequently, defendants Nguyen and Taylor have not been served.

Pending before the Court are defendant Wagner's dispositive motions to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") (Dkt. 19) and for summary judgment under FRCP 56 (Dkt. 24). Plaintiff filed no responses directly opposing either of these motions. Thirty days after Wagner filed his motion to dismiss, plaintiff filed a pleading regarding medical care that did not

correspond or refer to the motion to dismiss (Dkt. 21). Approximately forty-five days after Wagner filed his motion for summary judgment, the Court received plaintiff's self-styled "motion to amend via clear and convincing evidence," which submitted an exhibit and generally addressed issues raised by Wagner in his motion for summary judgment (Dkt. 25). Plaintiff's "motion" was not timely filed or mailed pursuant to the mail box rule, nor did it include a certificate of service. Nonetheless, in the interest of justice, the Court will construe plaintiff's pleading as a response to Wagner's motion for summary judgment.[1]

Having reviewed the motions, the response, the record, the probative summary judgment evidence, and the applicable law, the Court **GRANTS** the motion for summary judgment, **DISMISSES AS MOOT** the motion to dismiss, and **DISMISSES** this lawsuit for the reasons that follow.

## I. BACKGROUND AND CLAIMS

Plaintiff alleges in his complaint that in January 2016, while in pretrial detention at the Detention Center, he was denied proper medical treatment for a hernia and chest pains (Dkt.1 at p. 4). According to plaintiff, jail physician Hung Nguyen examined him and said that his medical conditions were "not urgent." Plaintiff, being of the contrary opinion that his conditions were urgent and that his hernia needed immediate surgery, claims that Nguyen was negligent and grossly negligent. Plaintiff further claims that

---

[1]Despite being entitled a "motion to amend," plaintiff's pleading did not seek leave to file an amended complaint.

2

licensed vocational nurse Stephanie Taylor was reckless, negligent, and grossly negligent in not rescheduling plaintiff's appointments as requested by Nguyen. Plaintiff seeks monetary compensation in the form of actual, special, punitive, and nominal damages (Dkt. 1 at p. 4).

Because plaintiff's complaint failed to plead factual allegations sufficient to raise a viable section 1983 claim against the defendants, the Court ordered plaintiff to show cause why his lawsuit should not be dismissed (Dkt. 7). In response, plaintiff filed a "show cause order" and affidavit that addressed at length legal his medical problems and legal authorities regarding deliberate indifference, but proffered few factual allegations supporting a claim for deliberate indifference (Dkt. 8, 9). Plaintiff subsequently filed an unsolicited second "show cause order" (Dkt. 21), but it, too, set forth legal arguments and conclusory assertions in lieu of factual allegations. Plaintiff did, however, clarify the legal basis for his claims against defendant Wagner, and posited that Wagner was liable under a theory of *respondent superior* or supervisory liability for the actions of the medical defendants and for his failure to correct the issues in responding to plaintiff's grievances (Dkt. 21 at p. 1).

## II. STANDARDS OF REVIEW

### A. *Pro Se* Prisoner Litigants

Because the plaintiff was a pretrial detainee proceeding *in forma pauperis* at the time this lawsuit was filed, the Court is required by federal law to scrutinize his claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is

frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) (providing that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief").

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff in this case proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded," must be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even under this lenient standard, however, a *pro se* plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

**B.    Summary Judgment – FRCP 56**

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could

return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, a court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254−55.

Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Nor do unsubstantiated assertions, improbable inferences, or unsupported speculation stand as competent summary judgment evidence. *Id*. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id*.

Although the plaintiff in this case is proceeding *pro se*, the notice afforded by FRCP 56 and the local rules is considered sufficient to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). Even a *pro se* plaintiff must specifically refer to evidence in the

summary judgment record in order to place that evidence properly before the court. *See Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 217 (5th Cir. 2016); *see also E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (noting that *pro se* litigants must fundamentally abide by federal court rules and properly present summary judgment evidence).

## III. DISCUSSION

### A. *Respondeat Superior*

Plaintiff claims that defendant Wagner is liable under a theory of *respondeat superior* because Wagner was in charge of the Detention Center and all of its employees. His argument has no support in the law. There is no vicarious or *respondeat superior* liability for supervisors under section 1983. *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006); *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999) ("Only the direct acts or omissions of government officials . . . will give rise to individual liability under § 1983."). Defendant Wagner is entitled to summary judgment dismissal of plaintiff's claims against him premised on *respondeat superior*, and the claims are **DISMISSED WITH PREJUDICE**.

### B. Supervisory Liability

To prevail on his claims against Wagner, plaintiff must show that Wagner, as a supervisory official, acted, or failed to act, with deliberate indifference to violations of his constitutional rights committed by subordinates. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). A supervisory official may be held liable under section 1983 only if he (1)

6

affirmatively participated in the acts that caused the constitutional deprivation, or (2) implemented unconstitutional policies that causally resulted in the constitutional deprivation. *Id*. That is, plaintiff must provide probative evidence that Wagner "implement[ed] a policy so deficient that the policy itself [was] a repudiation of constitutional rights and [was] the moving force of the constitutional violation." *Cozzo v. Tangipahoa Parish Council – President Government*, 279 F.3d 273, 289 (5th Cir. 2002).

In support of his motion for summary judgment, defendant Wagner submitted an affidavit in which he testifies as follows:

> My name is Sheriff Charles S. Wagner. I am of sound mind, over the age of 18, and capable of making this affidavit. I have personal knowledge of the facts stated in this affidavit, and they are true and correct.
>
> I am the Sheriff of Brazoria County, Texas. As such, I am the Chief Executive Officer and final policymaker of the Brazoria County Sheriff's Office. I have served as the elected Sheriff of Brazoria County, Texas since January 1, 2005. I have been a licensed peace office since 1967, when I began serving as a patrol officer in the Freeport Police Department. I worked in the Freeport Police Department as patrol officer, patrol sergeant, detective sergeant, detective lieutenant, and Chief of detectives. In 1985, I became Chief Deputy of the Brazoria County Sheriff's Office under former Sheriff Joe King. I served in that capacity until taking office as Brazoria County Sheriff on January 1, 2005.
>
> I have reviewed the following filings in [this] lawsuit: (1) Plaintiff's Original Complaint; (2) Plaintiff's "Show Cause Order," and (3) Plaintiff's "Affidavit in Support of Show Cause Order." I disagree with the contentions in Plaintiff's filings and am not aware of any circumstances under which Bobby Joe Crain was provided inadequate medical care while in the Brazoria County Detention Center. I also disagree with any claim that I participated in a violation of Mr. Crain's constitutional rights, as I never interacted with Mr. Crain during his detention and was not aware of his detention. Further, I disagree with any claim that I adopted an

7

> unconstitutional policy related to inmate medical care that caused an injury to Mr. Crain.
>
> During his time in the Detention Center between November 27, 2015, and August 29, 2016, I provided no medical care to Bobby Joe Crain, made no decisions regarding medical care provided to Bobby Joe Crain, issued no directives related to the medical care provided to Mr. Crain, and had no involvement in any decisions made with respect to the medical care provided to Mr. Crain. In fact, I was not even aware that Mr. Crain was detained in the Detention Center during his confinement.
>
> In regard to any grievances submitted by Mr. Crain, I did not participate in reviewing or responding to such grievances, and I had no knowledge of any grievances filed by Mr. Crain during his confinement.

(Dkt. 24, Exhibit 6). Thus, defendant Wagner has presented probative summary judgment evidence through his affidavit testimony that he had no personal involvement in plaintiff's medical care or grievance proceedings during plaintiff's confinement at the Detention Center, and was unaware that plaintiff was a detainee at the Detention Center.

The underlying bases of plaintiff's claims are his disagreements with physician Nguyen's medical decisions and nurse Taylor's alleged failure to schedule appointments in a timely manner (Dkt. 1, at p. 4). To the extent plaintiff seeks to hold defendant Wagner liable for the above acts based on Wagner's promulgation of a policy, plaintiff presents no probative summary judgment of a policy "so deficient that the policy itself is a repudiation of constitutional rights." *See Cozzo*, 279 F.3d at 289.

Plaintiff fails to establish that Wagner had any personal involvement in his medical care, appointment scheduling, or grievance proceedings. His conclusory assertions of personal involvement and supervisory liability are insufficient to raise a

8

genuine issue of material fact precluding summary judgment. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (holding that conclusory allegations, speculation, and unsubstantiated assertions will not suffice to preclude summary judgment). Nor does plaintiff present probative summary judgment evidence that Wagner implemented an unconstitutional policy that causally resulted in the alleged deliberate indifference to medical needs or a failure to reschedule medical appointments.

Defendant Wagner is entitled to summary judgment dismissal of plaintiff's claims against him premised on supervisory liability, and the claims are **DISMISSED WITH PREJUDICE**.

### C. Denial of Grievances

Given a liberal construction, plaintiff's pleadings allege that defendant Wagner violated his constitutional rights by denying his grievances. However, as shown by Wagner's uncontroverted affidavit testimony above, Wagner had no personal involvement in plaintiff's grievance proceedings (Dkt. 24, Exhibit 6).

Even assuming Wagner had been involved in plaintiff's grievance proceedings, plaintiff's allegations would raise no colorable claim for relief under section 1983. Prisoners enjoy no federally protected liberty interest in having their administrative grievances investigated, processed, or resolved to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005); *see also Hill v. Walker*, 718 F. App'x 243, 250 (5th Cir. Jan. 19, 2018) (holding that a section 1983 due process claim for failure to

investigate grievances is indisputably meritless). That plaintiff was dissatisfied with the results of his prison grievances does not give rise to a viable section 1983 claim for relief.

Defendant Wagner is entitled to summary judgment dismissal of plaintiff's claims against him regarding the denial of his administrative grievances, and the claims are **DISMISSED WITH PREJUDICE**.

### D. Deliberate Indifference

As a pretrial detainee, plaintiff had a clearly established Fourteenth Amendment right not to be denied, by deliberate indifference, attention to his serious medical needs. *See Estate of Henson v. Wichita Cty.*, 795 F.3d 456, 464 (5th Cir. 2015); *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). Prison officials violate the Fourteenth Amendment prohibition against cruel and unusual punishment when they evince deliberate indifference to a prisoner's serious medical needs, resulting in unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

Deliberate indifference to a prisoner's serious medical needs raises a cause of action under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105–07 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). This standard is substantially equivalent to the Eighth Amendment protections available to a convicted prisoner. *Hare*, 74 F.3d at 644.

Negligence or medical malpractice, however, is not an issue of federal constitutional dimension. In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than just mere negligence. The

Court held that a prison official cannot be found liable unless the official knows of and disregards an excessive risk to inmate health or safety; that is, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id*. at 837. The deliberate indifference standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "Actions and decisions by officials that are merely inept, erroneous, ineffective or negligent" do not amount to deliberate indifference. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998).

It is indisputable that an incorrect diagnosis by medical personnel will not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Nor is the failure to alleviate a significant risk that medical personnel should have perceived, but did not, sufficient to demonstrate deliberate indifference. *Farmer*, 511 U.S. at 838; *see also Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016) ("[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference."). Rather, a showing of deliberate indifference requires a prisoner to submit evidence establishing that medical personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks omitted).

Defendant Wagner's uncontroverted summary judgment evidence establishes that Wagner had no personal involvement in plaintiff's medical care or decisions regarding his medical care during his confinement at the Detention Center, and was unaware that plaintiff was a detainee at the facility. Plaintiff presents no probative summary judgment evidence that Wagner knew of and disregarded an excessive risk to plaintiff's health or serious medical needs; that is, that Wagner was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that he drew the inference. *Farmer*, 511 U.S. at 837.

Defendant Wagner is entitled to summary judgment dismissal of plaintiff's claims against him for deliberate indifference to his serious medical needs, and the claims are **DISMISSED WITH PREJUDICE**.

### E. Defendants Nguyen and Taylor

Defendants Nguyen and Taylor have not been served with process in this lawsuit. Defendant Wagner's motion for summary judgment addresses the medical care plaintiff received at the Detention Center and argues that there was no deliberate indifference to his serious medical needs.

Indeed, nothing in the record establishes that medical staff refused to treat plaintiff, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *See Gobert*, 463 F.3d at 346. To the contrary, the medical records show that defendant Nguyen examined plaintiff in January 2016 and determined that he had "no

12

urgent surgical needs" (Dkt. 24-10 at p. 5; Dkt. 24-13 at p. 4). That plaintiff underwent surgery for his hernia two years later in 2018 as a state prisoner does not constitute probative evidence that Nguyen was deliberately indifferent to plaintiff's medical condition in 2016. Plaintiff's sick call requests and related records show that plaintiff was provided medications for his medical conditions (Dkt. 24-8 at p. 9) and was examined, evaluated, and treated by medical staff on at least ten different occasions during his confinement at the Detention Center (Dkt. 24-8 at p. 2 through Dkt. 24-10 at p. 10). Plaintiff's clinical records evince numerous additional communications and encounters with clinical staff at the Detention Center regarding his medications and complaints (Dkt. 24-11 at pp. 2–12).

Nonetheless, the Court cannot grant summary judgment in favor of Nguyen and Taylor as they are not movants and a FRCP 56(f) proceeding was not undertaken. The Court can, however, dismiss plaintiff's claims against defendants Nguyen and Taylor pursuant to sections 1915, 1915A, and FRCP 12(b)(6) for failure to state a viable claim. In reviewing a pleading under FRCP 12(b)(6), a court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Crucially, while federal pleading rules do not require "detailed factual allegations," the rules do "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

The Court advised plaintiff that his complaint did not state a claim for relief against defendants Nguyen and Taylor (Dkt. 7). Plaintiff's ensuing attempt to raise a viable claim for relief set forth legal arguments and conclusory assertions (Dkt. 8). His subsequent attempt reiterated his legal arguments and conclusory assertions (Dkt. 21) and essentially requested the Court to sift through several pages of exhibits to determine whether they evinced a viable claim for deliberate indifference. Plaintiff's third attempt (Dkt. 25) set forth an expanded analysis of legal authorities and arguments, proffering once again little more than legal conclusions as to his claims.

Plaintiff's pleadings do not set forth factual content that allows this Court to draw a reasonable inference that Nguyen or Taylor were deliberately indifferent to plaintiff's serious medical needs. *See Iqbal*, 556 U.S. at 678. At most, plaintiff disagrees with the medical care he received and with Nguyen's medical opinion that his conditions did not

urgently require surgical intervention. Plaintiff's disagreements with Nguyen's opinions and his assertions of medical malpractice do not constitute a factual basis for pleading deliberate indifference. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (holding inmate's disagreement with his medical treatment was insufficient to show deliberate indifference); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979) (finding the mere negligence, neglect, or medical malpractice is insufficient to demonstrate deliberate indifference). Plaintiff has repeatedly failed to allege facts establishing that Nguyen and Taylor each knew of and disregarded an excessive risk of injury to him, that they were both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference. *Farmer*, 511 U.S. at 837.

Even though plaintiff proceeds *pro se*, his "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id*. (citation omitted). The Court is of the opinion that plaintiff has pleaded his best case against Nguyen and Taylor and that his claims should be dismissed with prejudice. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citing with approval the proposition that "a district court does not err in dismissing a . . . complaint with prejudice if the court determines the plaintiff has alleged his best case").

Accordingly, plaintiff's claims against defendants Nguyen and Taylor are **DISMISSED WITH PREJUDICE** for failure to state a viable claim for which relief can be granted under section 1983.

## IV. STATE LAW CLAIMS

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental or pendant jurisdiction over a state law claim when it has dismissed all claims over which it has original jurisdiction. *See also Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (explaining that the rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed" and citing cases that support the policy under the relevant considerations discussed in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Consideration of the relevant factors of judicial economy, convenience, fairness, and comity, particularly in light of the early stage of this case, suggests against this Court's exercise of pendant jurisdiction over any state law claims raised by plaintiff. The Court's dismissal of plaintiff's federal section 1983 claims supports such conclusion.

Accordingly, the Court declines to exercise supplemental or pendant jurisdiction over any state law claims raised by plaintiff in this lawsuit.

## V. CONCLUSION

Defendant Wagner's motion for summary judgment (Dkt. 24) is **GRANTED**, and plaintiff's claims against him are **DISMISSED WITH PREJUDICE**. Defendant Wagner's motion to dismiss (Dkt. 19) is **DISMISSED AS MOOT**. Plaintiff's claims against defendants Hung Nguyen and Stephanie Taylor are **DISMISSED WITH PREJUDICE** for failure to state a viable claim. Any other pending motions are **DENIED AS MOOT**.

Plaintiff is a "three strikes" prisoner who is barred under section 1915(g) from proceeding *in forma pauperis* in any federal civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See Crain v. Goings*, C.A. No. 1:09-CV-570 (E.D. Tex. May 14, 2012) (dismissed for failure to state a claim); *Crain v. Scott*, C.A. No. H-16-2040 (S.D. Tex. July 12, 2016) (same); *Crain v. Cincinnati Thermal Spray, Inc.*, C.A. No. H-16-2039 (S.D. Tex. July 12, 2016) (same). Should plaintiff appeal the Court's rulings in this case, he will be required to prepay the full $505.00 filing fee, as his section 1915(g) "three strikes" bar would apply to an appeal of this lawsuit. *See Coleman v. Tollefson*, ___U.S. ____, 135 S. Ct. 1759, 1761–64 (2015).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff and to counsel of record.

SIGNED at Galveston, Texas, this 14th day of September, 2018.

_____
George C. Hanks Jr.
United States District Judge